UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

JEAN MAMAKOS and CITIZENS FOR FAIR
HOUSING, INC.,

                              Plaintiffs,                              **16-CV-05775 (SJF)(GRB)**

      -against-

TOWN OF HUNTINGTON, HUNTINGTON TOWN
BOARD, comprised of FRANK P. PETRONE, Supervisor,
And MARK CUTHBERTSON, SUSAN A. BERLAND,
EUGENE COOK and TRACEY A. EDWARDS, of the
Town of Huntington in their capacity as Councilmen, and
JOSEPH ROSE, Interim Director of the Department of
Public Safety of the Town of Huntington in his official
capacity, TERRANCE McNALLY, Fire Marshall of the
Town of Huntington in his official capacity,

                              Defendants.
------------------------------------------------------------------------x


# MEMORANDUM OF LAW
# IN SUPPORT OF MOTION TO DISMISS

## PRELIMINARY STATEMENT

Plaintiffs Jean Mamakos and Citizens for Fair Housing, Inc., self-proclaimed advocates seeking "to defend and preserve the legal rights of landlords in the Town of Huntington," bring the instant action challenging the Town of Huntington's "Residential Rental Permit Code" ("Code") as being unconstitutional and seeking declaratory and injunctive relief. Defendants Town of Huntington, the Huntington Town Board, Joseph Rose, Interim Director of the Department of Public Safety, and Terrance McNally, Town Fire Marshall, in their official capacities, (collectively "Defendants"), submit this Memorandum of Law in support of their motion to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. As will be shown herein, the provisions of the Code which Plaintiffs challenge as being unconstitutional are substantially identical to similar rental permit codes from other municipalities which have been repeatedly and consistently upheld as constitutional by this Court, the Second Circuit and various courts through the State of New York. Accordingly, Plaintiffs' claims are without merit and the Complaint must be dismissed in its entirety.

## STATEMENT OF FACTS

As noted above, this action involves a challenge to the constitutionality of the Residential Rental Code provisions of the Huntington Town Code. Plaintiff Jean Mamakos is alleged to be a landlord who owns two rental properties in the Town, both of which are subject to what the Complaint refers to as the "Residential Permit Code" and for which she maintains valid rental permits. (Comp. ¶6). Plaintiff Citizens For Fair Housing, Inc. ("Corporation"), is alleged to be a not-for-profit corporation composed of 15 unidentified members, each of whom is allegedly a property owner who rents properties in the Town which are subject to the Residential Permit Code. (Comp. ¶7). According to the Complaint, a majority of the members of the Corporation

have allegedly paid "rental inspection fees" to the Town pursuant to the Residential Permit Code. *Id.*

In sum and substance, Plaintiffs' Complaint alleges that the provisions of the Town Code which require owners of certain rental properties to have their properties inspected by the Town or a qualified third party prior to the issuance of a rental permit violate their rights against warrantless searches under the Fourth Amendment to the Constitution.  The relevant provisions of the Town Code are found in Chapter 160 of the Code and are incorporated by reference in the Complaint.[1]

The legislative intent behind Section 160 of the Code is set forth in Section 160-1 and provides, in pertinent part, that

> A. the Town Board intends to preserve the health, safety and welfare of residents within the jurisdictional limits of the Town … by establishing a permitting system which will enhance the delivery of municipal services … and emergency services … when such services are needed, and effectively aid in the maintenance of peace and good order and a tool for the establishment of efficient planning.
>
> B. In addition, the welfare and safety of our residents is threatened by rental properties that are occupied while infested with rodents and other creatures, lack sufficient heat, ventilation, light or other necessities, and are otherwise uninhabitable or blighted or threaten the quality of life in the community by creating nuisances or disrupting the peace or good order.

Section 160-1.[2]

As noted above, Plaintiffs seek to challenge the constitutionality of the sections of the Code which require that specified residential premises which are occupied as a residence by

---

[1]  In deciding a motion to dismiss, the Court may rely upon the allegations contained in the Complaint as well as those facts gleaned from documents which have been attached to or incorporated by reference in the Complaint or relied upon by Plaintiff in drafting the Complaint.  *See Broich v. Incorporated Vill. of Southampton*, 650 F. Supp.2d 234, 244 (E.D.N.Y. 2009) (Feuerstein, J.).

[2]  Relevant portions of Section 160 of the Town Code are attached for the Court's convenience as Exhibit A to the Affirmation of James P. Clark, submitted herewith.

persons other than the owner or the owner's immediate family have a valid rental permit in place prior to occupancy. Section 160-25(A) of the Town Code provides, in pertinent part, that:

> The owner or managing agent of rental property or a dwelling unit shall apply for a rental permit before the property or dwelling unit is advertised for rent or if the vacancy is not advertised then such permit shall be obtained before the premises are leased or occupied by one other than a member of the owner's immediate family.

Each owner or managing agent is required to pay an application fee of $75.00 and provide the Town with required documentation and information relating to the property as part of the application process. Section 160-25. In addition to providing the Town with required information and documentation regarding the proposed rental property, the Code prohibits the issuance of a rental permit "unless the property is in compliance with all provisions of the Code of the Town of Huntington, and meets the requirements of all applicable county, state and federal laws, codes, rules and regulations." Section 160-26(D)(1).

In order to ensure that all properties are in compliance with applicable laws, the Code provides that

> No permit or renewal thereof shall be issued unless the property owner provides a certification from a professional engineer or registered architect licensed in the State of New York and containing their seal, or the certification of a Town ordinance/code enforcement officer, or of an independent state certified code enforcement official, attesting that the property at issue is in compliance with the Huntington Town Code, and meets the requirements of all applicable county, state and federal laws, codes, rules and regulations. Nothing in this article, except in the case of an emergency pursuant to §160-48(C), shall be deemed to authorize the Town to conduct an inspection of any property without the consent of the owner or managing agent, if the dwelling unit or units are unoccupied, and if occupied, upon the consent of the occupant, owner or managing agent of the property in the absence of a warrant duly issued by a court of law.

Section 160-26(D)(2).

Section 160-48 of the Code provides, in relevant part:

> A. Application for a search warrant. See Chapter 71 of the Huntington Town Code. The Town ordinance/code enforcement officer is authorized to make application to any court of competent jurisdiction for the issuance of a search warrant in order to conduct an inspection of any premises covered by this chapter where the owner or managing agent or occupant fails or refuses to allow an inspection of the rental property, and where there is reasonable cause to believe that a violation of this chapter has occurred. The application for a search warrant shall in all respects comply with the applicable laws of the State of New York.
>
> B. Search without warrant restricted. Nothing in this chapter, except for the provisions concerning emergency inspections, shall be deemed to authorize the Town ordinance/code enforcement officer to conduct an inspection of any premises subject to this chapter without the consent of the owner, managing agent, or occupant of the premises, or without a warrant duly issued by a court of competent jurisdiction.
>
> C. Emergencies. If, in the judgment of the Director of Public Safety, an emergency exists as when a condition or hazard is an immediate peril to the public health and safety, or a serious and immediate danger to person or property, he or she may enter any building or structure to inspect and investigate.

Pursuant to the Code, a rental permit is valid for up to two years. §160-24.

Additional relevant facts may appear throughout the brief.

## **STANDARD OF REVIEW**

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as amplified by *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009), sets forth the standard applicable for motions to dismiss. *See, e.g.*, *Ruotolo v. City of New York*, 2008 WL 313795 (2d Cir. 2008). Under the *Twombly* standard, to survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. Where a plaintiff has not "nudged [his] claims across the line from conceivable to plausible, [his] complaint must be

dismissed." *Id.* "While a complaint attacked by a <u>Rule 12(b)(6)</u> motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* (alteration in original) (citation omitted). "While a complaint need not contain detailed factual allegations, it requires more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Matson v. Bd. of Educ. of City School Dist. of N.Y.*, 631 F.3d 57, 63 (2d Cir. 2011).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Ashcroft,* 556 U.S. 662, 129 S.Ct. at 1950 (alteration in original) (quoting <u>Fed.R.Civ.P. 8(a)(2)</u>). The plausibility standard requires "more than a sheer possibility that a defendant acted unlawfully." *Id.*

As demonstrated below, the provisions of the Town Code at issue in this case are not unconstitutional on their face and the Complaint fails to allege sufficient facts to establish that they are unconstitutional as applied. Because the causes of action sought to be dismissed by this motion rest strictly on speculative and conclusory assertions, they cannot survive a motion to dismiss. *See, e.g., Twombly*, 127 S. Ct. at 1973 n. 14 ("the complaint warranted dismissal because it failed *in toto* to render Plaintiffs' entitlement to relief plausible").

## ARGUMENT

## I

### PLAINTIFFS LACK STANDING TO ASSERT FOURTH AMENDMENT CLAIMS WITH REGARD TO PROPERTIES THAT ARE OCCUPIED BY TENANTS

Plaintiffs are alleged to be the owners of mainly single family rental properties subject to the Town of Huntington's Residential Rental Code. (Comp. ¶¶6-7, 110). Plaintiffs bring the instant Complaint seeking to challenge the Code as violating the Fourth Amendment. The allegations in the Complaint imply that some, if not all, of Plaintiffs' rental properties are currently occupied by tenants. (Comp. ¶¶53, 56-57). To the extent that such properties are, in fact, occupied by tenants, Plaintiffs have no standing to assert a claim that the Code violates the Fourth Amendment. *See Hafez v. City of Schenectady*, 894 F.Supp.2d 207, 220 (N.D.N.Y. 2012) (landlord had no standing to assert Fourth Amendment challenge to rental permit law regarding occupied apartments), *aff'd* 524 Fed.Appx. 742 (2d Cir. 2013); *Mangino v. Inc. Village of Patchogue*, 739 F.Supp.2d 205, 234 (E.D.N.Y. 2010) (absentee landlords had no standing to pursue a Fourth Amendment challenge regarding search of rented and occupied properties).

## II

### THE RENTAL PERMIT LAW DOES NOT VIOLATE THE FOURTH AMENDMENT

As noted above, the main thrust of Plaintiffs' Complaint is a facial challenge to the constitutionally of the Town's Rental Permit Code. More specifically, Plaintiffs contend that the requirement that an inspection of a property be performed by the Town or a certified third-party prior to the issuance of a rental permit constitutes a violation of their Fourth Amendment right against warrantless searches. In order to prevail on such a claim, Plaintiffs "must establish that no set of circumstances exist under which the [Code] would be valid [under the Constitution]."

*United States v. Salerno*, 481 U.S. 739, 745, 107 S.Ct. 2095 (1987). As will be shown below,

Plaintiffs cannot meet that heightened burden in the present case.

As also noted above, the number of courts that have upheld the constitutionality of

virtually identical municipal codes throughout the Second Circuit and New York are legion. In

fact, contrary to the assertions in the Complaint, there does not appear to be a single case in this

Circuit or in New York state courts in which a court has found that rental inspection

requirements similar to those contained in the Huntington Town Code violate the Fourth

Amendment.

**Search and Seizure Clause**

The Fourth Amendment to the Constitution provides, *inter alia*, that the "right of the

people to be secure in their persons, houses, papers, and effects, against unreasonable searches

and seizures, shall not be violated." Plaintiffs' Complaint alleges that the inspection requirement

in the Town Code violates the Fourth Amendment because it is warrantless. (Comp. ¶89).

Plaintiffs are incorrect.

A simple reading of the relevant provisions of the Town Code reveals that, contrary to the

allegations in the Complaint, it does not require Plaintiffs to submit to a warrantless search of

their properties in order to obtain a rental permit. The Code provisions are clear and unequivocal

with respect to the inspection requirement. Under the Code, every property must be inspected,

prior to the issuance of a rental permit, by either a professional engineer or architect, a Town

ordinance/code enforcement officer, or an independent state certified code enforcement official.

§160-26(D)(2). The property owner has his/her choice as to who he/she elects to conduct the

inspection and there is no requirement that it be conducted by a Town ordinance/code

enforcement officer. Further, other than in cases of emergency, the Code expressly prohibits

Town ordinance/code enforcement officers from "conduct[ing] an inspection of any property without the consent of the owner or managing agent, if the dwelling unit or units are unoccupied, and if occupied, upon the consent of the occupant, owner or managing agent of the property in the absence of a warrant duly issued by a court of law." §160-26(D)(2). Thus, the Code does not authorize or require a warrantless inspection without consent and, therefore, there is no Fourth Amendment violation.

In *Wisoff v. City of Schenectady*, 2015 WL 6509759 (N.D.N.Y. 2015), the Northern District of New York was recently called upon to decide a constitutional challenge to an even more restrictive inspection requirement contained in the City of Schenectady's Rental Code Ordinance. There, the Court remanded the plaintiff's challenges under the New York State Constitution to state court while retaining jurisdiction over the Fourth Amendment claims.

The Rental Ordinance in question in *Wisoff* applied to all rental units in buildings containing two or more rental units and provided that it was unlawful for any owner to permit the occupancy of such a rental unit unless the unit had a valid rental certificate. The Ordinance further provided that an application for a rental certificate had to be filed prior to the leasing of a unit and "within five working days of receipt of an application, the Building Inspector shall inspect the rental unit to determine if the rental unit is in compliance" with applicable standards. *Wisoff*, 2015 WL 6509759 at *1. The Ordinance also included a section entitled "Right to enter and inspect," which provided as follows:

> During regular business hours or in an emergency, the Building Inspector or his representative or any duly authorized City representative, upon the showing of proper credentials and the discharge of his duties, may enter any building or rental unit within a building. *If access to such property is refused, the Building Inspector shall apply for a search warrant or court order in an appropriate court and upon showing that there is reasonable*

> *grounds to believe that a building or rental unit within a building*
> *is rented and occupied in violation of this article.*

*Wisoff*, 2015 WL 6509759 at *2 (emphasis added).

Based upon the above-referenced language, the plaintiff in *Wisoff* sued the City making essentially the same Fourth Amendment arguments as those being made by the Plaintiffs herein. The first cause of action alleged that the City ordinance violated the Fourth Amendment by requiring that a landlord submit to a warrantless search of his property before receiving a rental permit. *Wisoff,* 2015 WL 6509759 at *2-3. The second cause of action alleged that the City ordinance had "the inherent effect of coercing the Plaintiff to submit to a warrantless inspection of his property" and therefore violated the Fourth Amendment. *Id.*, 2015 WL 6509759 at *3.

In granting summary judgment to the City, the Court summarily dismissed the plaintiff's argument that the Ordinance violated the Fourth Amendment by requiring him to submit to a warrantless inspection. In so doing, the Court found that "[a] plain reading of the Ordinance establishes, however, that it contains no such requirement . . . [B]y its plain terms, the Ordinance authorizes the building inspector to enter only with either consent or a search warrant; it does not authorize a warrantless inspection without consent. On its face, the Ordinance satisfies the Fourth Amendment." *Wisoff*, 2015 WL 6509759 at *4. In reaching its conclusion that there was no Fourth Amendment violation, the Court noted that "[o]ther federal courts have upheld similar ordinances." *Id.* at *5 (citing cases).

The same result was ultimately reached in the *Wisoff* state court companion case. In *Wisoff v. City of Schenectady*, 116 A.D.3d 1187, 984 N.Y.S.2d 207 (2014), *app. dismissed*, 23 N.Y.3d 1012 (2014), the Appellate Division, Third Department, affirmed the grant of summary judgment to the City. In so doing, the court noted that where an ordinance "directly or in practical effect authorizes or requires a warrantless inspection, it will not pass constitutional

muster," but found that the ordinance in question did authorize or require such action. On the

contrary, the court found that the ordinance "expressly required either the consent of the property

owner *or* the issuance of a valid search warrant in order … to conduct the administrative

inspection." *Id.*, 116 A.D.3d at 1189, 984 N.Y.S.2d at 209 (emphasis in original). According to

the court, the inclusion of the warrant requirement was "sufficient to safeguard plaintiff's

constitutional rights." *Id.*

Similarly, in *Pashcow v. Town of Babylon*, 53 N.Y.2d 687, 439 N.Y.S.2d 103 (1981), the

Court of Appeals rejected a constitutional challenge to the Town of Babylon's rental inspection

ordinance. In so doing, the Court held that the ordinance was not "unconstitutional on its face,

for it does require consent or a warrant for an administrative search except in emergency

situations." *Id.*

In *Palmieri v. Town of Babylon*, 2006 WL 1155162 (E.D.N.Y. 2006), aff'd 277

Fed.Appx. 72 (2d Cir. 2008), this Court upheld the constitutionality of the Town of Babylon's

Rental Permit Law. The law in question in *Palmieri* was similar in all material respects to the

Huntington Town Code being challenged in the present case. The Babylon code required

property owners to obtain a rental permit for any non-owner occupied rental unit within the

Town. *Id.* at *1. Permits could be obtained by filing an application with the Town Building

Inspector and providing a certification that the subject property complies "with all the provisions

of the Code of the Town of Babylon, the laws and sanitary and housing regulations of the County

of Suffolk and the law of the State of New York." *Id.* In granting summary judgment to the

Town on plaintiff's Fourth Amendment challenge to the ordinance, this Court relied upon the

*Pashcow* case, noting that the Court of Appeals had "already rejected a Fourth Amendment

facial challenge to the exact statute." *Id.* at *10. In affirming that grant of summary judgment, the Second Circuit also relied upon the Court of Appeals' decision in *Pashcow* stating:

> the subject [law] has already been challenged as violating the
> constitutional prohibition against warrantless searches and has
> been declared constitutional on its face by the New York State
> Court of Appeals. We see no reason to disagree with the Court of
> Appeals' analysis on this issue.

277 F. Appx at 75 (2d Cir. 2008).[3]

In *MacPherson v. Town of Southampton*, 2013 WL 6058202 (E.D.N.Y. 2013), this Court was faced with a constitutional challenge to the Town of Southampton's rental permit laws. As with Plaintiffs herein, the *MacPherson* plaintiffs alleged that the Town's rental permit laws were requiring them to have their properties "unreasonably searched and inspected by government employees in order to rent them or else given an unconstitutional alternative." *Id.* at *2. In *MacPherson*, the plaintiffs challenged two different rental permit laws – the "Old Seasonal Rental Law" and the "New Rental Properties Law." The Old Seasonal Rental Law had a provision similar to those in the Town of Babylon Code and in the Town of Huntington Code which required inspections of rental properties but "only upon the consent of the owner, tenant or lessee, or upon obtaining a search warrant." *Id.* at *9. With regard to the necessity of obtaining a warrant absent consent, the Old Seasonal Rental Law contained virtually identical language to that contained in the current Huntington Town Code. In particular, the Southampton Old Seasonal Code provided:

> C. An enforcement officer is authorized to make application for the
> issuance of a search warrant in order to conduct an inspection of
> any premises covered by this chapter where the owner, tenant or
> lessee refuses or fails to allow an inspection of its premises and
> where there is reasonable cause to believe that a violation of this

---

[3] As with the Town of Huntington's law at issue herein, the Babylon ordinance provided that an applicant could satisfy the inspection requirement by submitting "a certification from a licensed architect or engineer in place of an inspection by a town inspector." 277 F. Appx 75 n. 2 (2d Cir. 2008).

article has occurred. The application for a search warrant shall in all respects comply with the applicable laws of the State of New York.

D. Nothing in this chapter shall be deemed to authorize an enforcement officer to conduct an inspection of any premises subject to this chapter without the consent of the owner, tenant or lessee of the premises or without a warrant duly issued by an appropriate court.

2013 WL 6058202 at *9-10. Based upon the undisputed fact that, as in the case herein, the Old Seasonal Rental Law "expressly required" consent or, in the alternative, a valid search warrant, before an inspection could be conducted, the Court concluded that it was unconstitutional on its face. *Id.*

As noted above, the *MacPherson* plaintiffs also challenged the constitutionality of "The New Rental Properties Law" in Southampton. That law, like the Town of Huntington version at issue in the present case, provided that inspections of rental properties may only be performed on consent or, in lieu of an inspection, the owner may provide "written certification from a licensed architect or licensed engineer that states that the rental property fully complies with all of the provisions of the Code of Southampton." *Id.* at 11. In rejecting the plaintiffs' argument that the New Rental Properties Law was unconstitutional on its face, this Court found that it did not require a warrantless inspection before the issuance or renewal of a rental permit. In fact, as noted by the Court, the law did not require an inspection at all if the property owner elected to provide a certification from a licensed architect or engineer in lieu of same. *Id.* Accordingly, the New Rental Properties law was not facially unconstitutional.

In *McLean v. City of Kingston*, 57 A.D.3d 1269, 869 N.Y.S.2d 685 (3d Dep't 2008), the court affirmed the grant of summary judgment to the City of Kingston on a constitutional challenge to its rental permit code. There, the plaintiff asserted a Fourth Amendment challenge

to the City Code's requirement that every rental property must be inspected by the Building Safety Division at least once every 24 months. The Code provided that "[t]he Building Safety Division … may seek a search warrant whenever the owner and/or managing agent fails to allow inspections of any dwelling unit contained in the rental property where there is a reasonable cause to believe that there is a violation of this Article or [applicable safety and maintenance codes]." *Id.* at 1271. In rejecting the plaintiffs' Fourth Amendment argument and upholding the constitutionality of the rental inspection law, the court stated, "[i]nasmuch as the plain language of the Kingston City Code requires either the consent of the owner or a valid search warrant in order for the Building Safety Division to inspect property, we find it to be facially constitutional." *Id.*

In *Arrowsmith v. City of Rochester*, 309 A.D.2d 1201, 765 N.Y.S.2d 130 (4th Dep't 2003), the court upheld the constitutionality of the City of Rochester's rental permit law. With respect to the Fourth Amendment challenge asserted there, the Court found that the rental permit law did "not authorize warrantless, nonconsensual inspections of … properties in violation of [plaintiffs'] Fourth Amendment rights." *Id.* at 1201-02; *see also People v. LaRoche*, 13 N.Y.S.2d 773, 775 (App. Term Second Dep't 2014) (dismissing constitutional challenge to Town of North Hempstead rental permit code which required inspections on consent or based upon search warrant).

Simply stated, in every case in which a rental permit law requiring the inspections of properties on consent or based upon a valid search warrant has faced a Fourth Amendment challenge like that in the present case, the challenge has been summarily rejected and the constitutionality of the law has been upheld. Here, not only does the Town of Huntington's rental permit law expressly provide that inspections by Town personnel may only be done on

consent or based upon a search warrant, the Town goes even further in providing property owners other options to satisfy their inspection obligations. As noted above, property owners who elect not to have an inspection performed by a Town code enforcement officer may satisfy their inspection obligations by providing a certification from a licensed architect or engineer or from any other independent state certified code enforcement official. *See* Section 160-26(D)(2). Thus, the Town of Huntington's Rental Permit Law has the same, if not greater, protections against warrantless searches, than the rental laws of the Towns of Babylon, Southampton and North Hempstead, and the Cities of Schenectady, Rochester and Kingston, all of which have previously been upheld as constitutional.

Moreover, contrary to the allegations in the Complaint, a simple reading of the Code reveals that there is nothing contained therein which makes it unlawful to refuse to consent to an inspection of a property by the Town. Rather, the Code makes it unlawful to rent a covered property without first obtaining a rental permit. (§160-49). *See Hafez*, 894 F. Supp.2d at 220. A property owner is, at all times, free to refuse to permit an inspection by the Town and seek to satisfy its inspection/certification requirement through one of the other means set forth in the Code. (§160-26(D)(2). Accordingly, Plaintiffs' Fourth Amendment challenge to the Town of Huntington Rental Permit Code must be dismissed as a matter of law.

**Warrants Clause**

In addition to its search and seizure provisions, the Fourth Amendment also provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." Plaintiffs' Complaint also purports to challenge the Town's Residential Rental Permit Code under the warrants clause of the Fourth Amendment. As with their challenge under the search

and seizure clause, however, Plaintiffs' challenge under the warrants clause also fails as a matter of law.

As set forth above, and contrary to the assertions contained in the Complaint, the Residential Rental Permit Code requires that, absent receiving consent of an owner or occupant, no Town inspector may conduct an inspection of any property without first obtaining "a warrant duly issued by a court of law." Section 160-26(D)(2). Section 160-48 of the Code provides the requirements for making an application for a search warrant in cases where consent is not given and an inspection is deemed necessary. That Section expressly provides that a

> Town ordinance/code enforcement officer is authorized to make application to any court ... for the issuance of a search warrant in order to conduct an inspection of any premises covered by this chapter where the owner or managing agent or occupant fails or refuses to allow an inspection of the rental property, *and where there is reasonable cause to believe* that a violation of this chapter has occurred. The application for a search warrant shall in all respects comply with the applicable laws of the State of New York.

Section 160-48(A) (emphasis added). Thus, the Code provides express authorization and direction regarding obtaining a warrant prior to conducting an inspection without consent: it provides that such a warrant can only be sought where there is "reasonable cause" to believe that the Code is being violated; and it requires that the application for a warrant be in compliance with all of the laws of New York State.

In *Palmieri v. Town of Babylon*, 2006 WL 1155162, this Court addressed a similar challenge to the Town of Babylon's rental code under the warrants clause as Plaintiffs are proffering here. There, the Town code was identical in all material respects to the Town of Huntington Code with regard to seeking a warrant. The Babylon Code provided, in relevant part, that:

> The Building Inspector of the Town of Babylon … is authorized to make application to the District Court for the issuance of a search warrant in order to conduct an inspection of any premises … where the owner refuses or fails to allow an inspection of its rental premises and where there is reasonable cause to believe that a violation of this article has occurred.

2006 WL 1155162 at *10 n. 8. In rejecting the plaintiff's argument that the provision violated the Fourth Amendment because it did not require a showing of probable cause, the same argument Plaintiffs make in the present case, this Court stated, "[p]erhaps unbeknownst to Plaintiff … is that 'reasonable cause' under New York State law is considered to be the equivalent of 'probable cause' under the Fourth Amendment." *Id.* at *10. The Court then continued by noting "[w]ith this understanding, it is difficult, to say the least, to see how the Rental Permit Law is unconstitutional on its face." *Id.* The Court's decision was subsequently affirmed by the Second Circuit. *See Palmieri v. Town of Babylon*, 277 Fed.Appx, 72, 75 (2d Cir. 2008).

Accordingly, based upon the clear language in the Code and this Court's prior decision in *Palmieri*, Plaintiffs' challenge to the Town of Huntington's Residential Rental Code under the Fourth Amendment warrants clause must be dismissed.

### III

### PLAINTIFFS' DUE PROCESS CLAIM FAILS AS A MATTER OF LAW

Plaintiffs argue that the Town's Residential Rental Code violates their right to Due Process under the "unconstitutional conditions" doctrine because the Code requires them to "forfeit their Fourth Amendment rights" or face the loss of the ability to rent their properties or face criminal prosecution. (Comp. ¶77). As the Residential Rental Code does not violate the

Fourth Amendment, Plaintiffs' Due Process claim based upon the "unconstitutional conditions" doctrine fails as a matter of law.

It is well settled that "the government may not deny a benefit to a person because he exercises a constitutional right." *Regan v. Taxation Without Representation of Wash.*, 461 U.S. 540, 545, 103 S.Ct. 1997 (1983). As a result, the Supreme Court has recognized the "unconstitutional conditions" doctrine which is intended to "vindicate[] the Constitution's enumerated rights by preventing the government from coercing people into giving them up." *Koontz v. St. John's River Water Mgmt. Dist.*, 133 S.Ct. 2586, 2594 (2013). Here, Plaintiffs contend that the Town's Residential Rental Code violates their Due Process rights by "conditioning" their right to rent their properties on the forfeiture of their Fourth Amendment rights. (Comp. ¶¶76-78).

Plaintiffs' "unconstitutional conditions" doctrine claim fails, however, because, as fully set forth above, the Town's Residential Rental Code does not require any property owner to forfeit his/her Fourth Amendment rights in order to obtain a rental permit. The Code clearly and unequivocally provides property owners with several options, other than an inspection by the Town, to satisfy the property certification requirement. Owners may submit a certification by a licensed architect or engineer, or any other licensed code inspection officer in lieu of having an inspection by a Town Code Enforcement officer. Moreover, the Code expressly prohibits warrantless inspections by any Town Code Enforcement officers. Thus, the receipt of a rental permit is not conditioned upon the forfeiture of any Fourth Amendment rights. Consequently, Plaintiffs' Due Process claim under the "unconstitutional conditions" doctrine fails because the law does not impose any unconstitutional conditions. *See, e.g., Marcavage v. Borough of Lansdowne, Pa.*, 493 Fed.Appx. 301, 306-07 (3d Cir. 2012) (rental permit ordinance did not

17

violate Fourteenth Amendment or unconstitutional conditions doctrine where, on its face, it provided no threat to plaintiff's Fourth Amendment rights); *Rumsfeld v. Forum for Academic and Institutional Rights, Inc.,* 547 U.S. 47, 59-60, 126 S.Ct. 1297 (2006) (unconstitutional condition doctrine not violated where the constitution does not prohibit condition imposed for receipt of benefit); *cf. O'Connor v. Pierson*, 426 F.3d 187, 201 (2d Cir. 2005) ("If the Constitution forbade [the underlying condition], then the Board violated [the plaintiff's] rights by imposing on him an unconstitutional condition").

## IV

## PLAINTIFFS' EQUAL PROTECTION CLAIM
## MUST BE DISMISSED

Plaintiffs' final constitutional claim is premised upon their contention that the Town of Huntington's Residential Rental Code violated their rights to equal protection under the law because it "singles out" their properties while "exempting similarly-situated rental property owners from similar burdens."[4]  (Comp. ¶¶113-15).  More specifically, Plaintiffs argue that the Code's application of the rental permit requirements to "[d]welling unit(s) in one and two family homes, multiple residences, dormitories, and mixed-use occupancy buildings in any zoning district which are occupied for habitation as a residence by persons other than the owner or the owner's immediate family, and for which a fee or other compensation is received by the owner or managing agent" rather than to all rental properties in the Town is a violation of the equal protection clause.

Section 160-21 of the Town Code expressly exempts from the definition of "Rental Property," the following classes of properties

---

[4]  Plaintiffs' Complaint purports to assert an equal protection claim "as applied" to them in addition to their facial challenge to the constitutionality of the Rental Permit Code.  The Complaint fails to allege any facts which support a selective enforcement or an "as applied" claim with respect to the Rental Permit Code.  Accordingly, to the extent that Plaintiffs are pursuing such a claim, it must be dismissed.  *See Palmieri*, 2006 WL 1155162 at *7.

properties used solely for nonresidential purposes; one family
homes which continue to be the primary and permanent residence
of the owner but are leased or occupied by one other than the
owner or owner's immediate family for six (6) months or less in
any calendar year; two-family homes where the owner or a
member of the owner's immediate family resides in one of the two
dwelling units; legal habitable dwellings detached from the main
residence of the owner or owner's immediate family on the lot;
multiple dwellings where the owner or owner's immediate family
reside on site; large multiple residence developments or
communities having approved bylaws and a homeowner's
association, board or similar management organization on-site with
jurisdiction over rental property; those having valid accessory
apartment permits; any property owned and/or operated by the
United States, the State of New York, the County of Suffolk, Town
of Huntington and their respective agencies and political
subdivisions; any property owned or managed by the Huntington
Housing Authority, the Huntington Housing Authority Mortgage
Banking Corporation, and the Huntington Community
Development Agency.

Section 160-21.  In essence, the Town's Residential Rental Permit Code applies to most rental

properties which are not owner-occupied.  In asserting their equal protection claim, Plaintiffs,

who are all alleged to be owners of single-family rental properties in which they do not reside,

argue that the Town's limitation of the rental permit requirements to their properties is "not

rationally related to a legitimate government purpose."  (Comp. ¶113).

As with Plaintiffs' other constitutional challenges to the Town's Rental Permit Code,

their equal protection argument has already been advanced and rejected in other similar cases.  In

fact, this Court rejected the same argument in *Palmieri*, 2006 WL 1155162 (E.D.N.Y. 2006),

aff'd 277 Fed.Appx. 72 (2d Cir. 2008).  There, Plaintiff alleged that the Town's Rental Permit

Law violated the Equal Protection Clause both because it applied "solely to non-owner occupied

properties."  *Id.* at *7.  In summarily dismissing the facial challenge to the law under the equal

protection clause, Judge Johnson wrote:

It is important to note that "[t]he general rule is that legislation is presumed to be valid and will be sustained if the classification drawn by the statute is nationally related to a legitimate state interest …. [And, w]hen social or economic legislation is at issue, the Equal Protection Clause allows the [legislature] wide latitude." Here, the Town's clear - and reasonable - interest is the safety of its residents who live in rental properties. The enactment of the Rental Permit Law is rationally related to its purpose of furthering safety. *No further analysis of the law is necessary to dismiss Plaintiff's claim that the Rental Permit Law on its face violated the Equal Protection Clause.*

Id. at *7 (citations omitted) (emphasis added). The Second Circuit subsequently affirmed Judge Johnson's dismissal of the equal protection claim, stating "we agree with the district court's analysis that the regulations of the town do not violate the Equal Protection Clause." 277 Fed.Appx. 72 at *2.

Similarly, in *MacPherson v. Town of Southampton*, Judge Hurley was faced with a similar equal protection challenge to the Town of Southampton's rental codes. In dismissing the claim, the Court noted "[t]he general rule … that legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest." 2013 WL 6058202 at *15. The Court further noted that "a legislative choice is not subject to courtroom fact-finding and may be based on rational speculation unsupported by evidence or empirical data." *Id.* There, as here, the stated legislative intent behind the rental properties law was, *inter alia*, to protect the "health, safety and welfare of the occupants and the neighbors" of rental dwellings. *Id.* The Court, therefore, concluded that the rental permit laws were "rationally related to legitimate government interests," and dismissed the equal protection facial challenge to the laws. *Id.; see also Arrowsmith*, 765 N.Y.S.2d at 130, 309 A.D.2d at 1202 (City of Rochester's decision to limit application of the law to non-owner-occupied rental properties "had a rational basis" and therefore was not unconstitutional).

It is well-settled that local governments are given "a wide scope of discretion in enacting laws [that] affect some groups differently than others, and a statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it." *Lighthouse Shores v. Town of Islip*, 41 N.Y.2d 7, 13 (1976). Here, as in *Palmieri* and *MacPherson*, there is no question that the Town's application of its Rental Permit Code to certain properties within the Town is rationally related to the Town's legitimate governmental interests in protecting the "health, safety and welfare" of its residents living in non-owner occupied rental properties. Consequently, "[n]o further analysis of the law is necessary to dismiss Plaintiff[s]' claim that the Rental Permit [Code] on its face violated the Equal Protection Clause."

V

**PLAINTIFFS' UNJUST ENRICHMENT CLAIM
MUST BE DISMISSED**

Plaintiffs' final claim is a common-law claim for unjust enrichment. This claim is premised upon Plaintiffs' incorrect assumption that the Town's Rental Permit Code is unconstitutional and, therefore, the Town has been unjustly enriched through the improper collection of fees under the Code. (Comp. ¶¶122-24). Plaintiffs are, again, incorrect.

In the first instance, contrary to the allegations in the Complaint, the Code does not require any property owner to pay "rental inspection fees." The only fees called for under the Code are a $75.00 permit application fee (§160-25(C)), a $75.00 "re-inspection fee" imposed where a property owner has requested an inspection by a Town inspector and "fails to appear for a scheduled inspection for a second time" (§160-26(C)), a $475.00 permit fee once the application has been approved (§160-26(A)), and a $25.00 permit renewal application (§160-27). Thus, none of the Plaintiffs have paid the Town a "rental inspection fee," under the Code. Further, because it has been conclusively established herein that the Town's Rental Permit Code

is constitutional, the Town has not been unjustly enriched through the collection of fees called for under the Code.  Accordingly, Plaintiffs' claim for unjust enrichment fails and must be dismissed.

## CONCLUSION

For the reasons set forth herein, Defendants Town of Huntington, the Huntington Town Board, Joseph Rose and Terrance McNally, respectfully request that the Court grant the instant motion and dismiss the Complaint in its entirety, along with such other and further relief as the Court may deem appropriate.

Respectfully submitted,

Law Offices of James P. Clark, P.C.

_____
By:  James P. Clark (JC 0824)
*Attorneys for Defendants*
256 Main Street, Suite 202
Northport, New York 11768
(631) 261-1040